# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5984 | **DATE** | 12/27/2002 |
| **CASE TITLE** | Marcus Gregory vs. Jon Oliver, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Gregory's motion to strike expert reports and exclude testimony is granted in its entirety. (58-1) At the previously set December 30, 2002 status hearing the parties will be ordered to prepare and submit a FPTO that excludes any input from Dr. Geline and from Marsh.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 69 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/27/2002 date mailed notice | |
| SN | courtroom deputy's initials | 02 DEC 27 PM 1:56 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARCUS GREGORY,                )
                               )
              Plaintiff,       )     No. 00 C 5984
                               )
         v.                    )     Judge Shadur
                               )
JON OLIVER, SCOTT CHASTAIN,    )
GABRIEL GUZMAN, and THE CITY   )
OF WAUKEGAN,                   )
                               )
              Defendants.      )

MEMORANDUM OPINION AND ORDER

In mid-November counsel for 42 U.S.C. § 1983 ("Section 1983") plaintiff Marcus Gregory ("Gregory") filed a motion to strike the Fed. R. Civ. P. ("Rule") 26(a)(2)(B) reports prepared by, and to exclude any trial testimony from, Dr. Richard Geline ("Dr. Geline") and James Marsh ("Marsh"). This Court initially deferred ruling on that motion because an ill-considered appeal by defendants was then pending (more on this later). After defendants then dismissed their appeal, this Court ordered them to respond to Gregory's motion, and they have now done so. This memorandum opinion and order addresses both facets of the motion.

As for Dr. Geline's report, defendants' Response at 2 has candidly acknowledged its failure to comply with the requirements of Rule 26(a)(2)(B). And indeed, all of that Rule's critical requirements are totally missing from Dr. Geline's overly terse and conclusory June 12, 2002 letter (a copy of which is attached as Ex. 1 to this opinion). Here is the detailed and precise

roadmap marked out by Rule 26(a)(2)(B):.

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

There is frankly no justification that would permit any "expert" witness, or any lawyer dealing with one, to tender a report that is so patently deficient in every one of those terms as the one that is at issue here. Nor will it do to say, as defense counsel have done in their Response at 2, that Gregory's counsel should be content with an opportunity to depose Dr. Geline. To the contrary, one principal purpose of the detailed content that is prescribed by Rule 26(a)(2)(B) is to make that an option for the party receiving the report, not for the party proffering it -- as stated in the Advisory Committee Note to the 1993 amendments that promulgated the current version of the Rule (emphasis added):

> Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written

-2-

report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.

* * *

Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

* * *

Revised subdivision (b)(4)(A) authorizes the deposition of expert witnesses. Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and <u>in many cases the report may eliminate the need for a deposition</u>.

One of the <u>true</u> experts on federal practice, Gregory Joseph,[1] devoted a portion of his <u>National Law Journal</u> column (see n. 1)

---

[1] Greg is one of this country's leading litigators (a few years ago he served as chairman of the Section on Litigation of the American Bar Association) and is an extraordinarily prolific author in addition to maintaining an active law practice: Each year he updates his excellent works on <u>Sanctions: The Federal Law of Litigation Abuse</u> (now in its 3d ed. (2000), with a 2003 cum. supp.) and on <u>Modern Visual Evidence</u> (currently updated through 2002), and he is a regular contributor to the <u>National Law Journal</u> with his periodic columns on <u>Federal Practice</u>). This Court and Greg were fellow members of the Judicial Conference's Advisory Committee on Rules of Evidence from the time of its reconstitution by Chief Justice Rehnquist during the early 1990s through the bulk of this Court's service as chairman of that Committee, which has just been completed on September 30, 2002.

of June 5, 2000 (sec. A, p. 14, col. 1) to an explanation of why a party is often worse off by deposing the other side's expert (something that allows the expert an opportunity for self-education about flaws or gaps in his or her report and that "may open the door to testimony that would otherwise presumptively be excluded"), rather than relying instead on the inability of the expert to modify, or to go outside of the boundaries of, the opinions that were expressly voiced in his or her Rule 26(a)(2)(B) report.

Defendants' alternative argument that Gregory cannot complain of prejudice because "no trial has been set in this case" is ironic. They themselves moved any prospective trial date back by filing a motion for summary judgment in May of this year, a motion that took some months to address because defendants required some further discovery, followed by the completion of the parties' briefing on the motion, and followed in turn by this Court's 27-page memorandum opinion and order resolving the issues. All of that necessarily took a good deal of time. This should not be misunderstood as a criticism of defendants' entire effort in that respect, for their Rule 56 motion did streamline the case by eliminating several of Gregory's claims, even while it confirmed the viability of his key Section 1983 claim of unreasonable seizure in the form of excessive force by the defendant police officers.

But what then transpired can only be described as blameworthy on defense counsel's part: They filed a totally bootless appeal from this Court's denial of summary judgment on the Section 1983 claim, a denial that had rejected any qualified immunity basis for dismissal because the fact-intensive question relating to the imposition of excessive force clearly scotched any pretrial disposition on that ground. In taking that appeal, defense counsel acted in the face of flat-out caselaw that confirmed the absence of appellate jurisdiction over such an interlocutory appeal. When Gregory's counsel then moved to certify defendants' interlocutory appeal as frivolous under the authority of such cases as Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989), this Court granted that motion orally, pointing in the course of its ruling to such cases as Garvin v. Wheeler, 304 F.3d 628, 633 (7th Cir. 2002), which have expressly confirmed the nonappealability of denials of qualified immunity where such denials are based on the existence of material factual issues.

Hence defendants are on bad paper in urging the absence of a present trial schedule as a basis for forcing Gregory's counsel either (1) to depose Dr. Geline to flush out what he himself was obligated to disclose or (2) to permit Dr. Geline himself to return to the drawing board to do that. In this instance discovery has been closed as of December 16 with the concurrence of both sides (as this Court always does), and the next step --

to be scheduled at the previously-set December 30 status hearing -- will be the parties' prompt preparation of a final pretrial order ("FPTO") that will set out the game plan for an early trial. That trial will take place without Dr. Geline, for Gregory's motion to strike his report and to bar his testimony is granted.

As for Marsh's report, its fatal flaw rests not in the lack of information that it conveys but, in an odd way, in the very nature of the detail that it does provide. This Court has engaged in its gatekeeper responsibility that has been dictated in Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), extending that obligation as first marked out in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) to testimony by a person whose expertise is derived from experience rather than from science.

Here the problem is that Marsh's opinion is framed in terms of his total reliance on -- and his extensive repetition of -- every aspect of defendants' version of the hotly disputed events that gave rise to Gregory's acknowledged injury. It will of course be for the jury as factfinders to listen to the testimony of those who were involved in the fracas -- Gregory and the defendant officers -- and to decide whose version is credible. That decisional process would be distorted seriously if a person such as Marsh were to take the stand, cloaked in a mantle of expertise, and to reinforce the officers' scenario in the manner

that he has set out in his report (attached as Ex. 2 to this opinion).

Nor is that inherent vice cured by Marsh's weak attempt at a sort of disclaimer (Ex. 2 at 2):

> The following summation of facts below is not intended to be complete, but viewed as two different hypothetical sets of facts. The summation simply describes the key factual assumptions that are drawn upon in this analysis. The summation should also not be interpreted to mean that any issues of disputed facts, or issues of witness credibility, have been resolved in this opinion. Instead, this summation takes into account all materials and documents provided to me for review and the steps I have taken.

Marsh's reference to "two different hypothetical sets of facts" is mysterious indeed, for he has subscribed entirely to the officers' account, to the total exclusion of Gregory's story. And Marsh's attempted disclaimer of any resolution of issues of credibility is really meaningless, for the materials and documents that he lists as having been provided to him for review embody everything on defendants' side of the case, but <u>nothing</u> from Gregory's version of events (see Exhibit 2 at 1-2).

This case does not present the classic battle of experts, in which each side proffers testimony that states opinions that draw differing conclusions from the same set of facts that have been placed before the jury. To put the matter in Fed. R. Evid. 702 terms[2], Marsh's testimony would <u>not</u> "assist the trier of fact to

---

[2] As n. 1 suggests, the current version of that Rule (and related Rules 701 and 703) came from the Advisory Committee on the Rules of Evidence during this Court's tenure there. In fact,

-7-

understand the evidence or to determine a fact in issue," but would instead impermissibly load the dice by voicing the witnesses' predetermination of the facts in issue. Accordingly Marsh's report is also stricken, and he too is disqualified as a witness.

## Conclusion

Gregory's motion is granted in its entirety. At the previously set December 30, 2002 status hearing the parties will be ordered to prepare and submit an FPTO that excludes any input from Dr. Geline and from Marsh.

_____
Milton Shadur
Senior United States District Judge

December 27, 2002

C:\wptext\00c5984MMO.wpd

---

this Court chaired the subcommittee that developed the current version and its accompanying Committee Notes for the entire Committee -- its outstanding reporter, Professor Daniel Capra, and this court were the principal drafters of the Rules and Notes.