# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5984 | **DATE** | 4/8/2003 |
| **CASE TITLE** | Marcus Gregory vs. Jon Oliver, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due ___ ___. |
| (3) | ☐ | Answer brief to motion due _____. Reply to answer brief due _____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at ___. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at ___ ___. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at ___. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at ___. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at ___ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2). |

(10) ■   [Other docket entry]   Enter Memorandum Opinion and Order. All of plaintiff's motions in Limine are granted. Defendants' motion in limine #2 is denied without prejudice to possible renewal as to specific matters at trial. (76-1) Defendant's motions in limine #4, #5, #7 and #8 are granted. (77-1, 78-1, 80-1, 81-1) Defendants' motion in limine #6 is granted, subject to possible modification in the event of trial misconduct. (79-1)

(11) ■   [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 09 2003 | |
| | Notified counsel by telephone. | date docketed | 92 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/8/2003 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | SN | |
| | | mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

APR 0 9 2003

MARCUS GREGORY, )
)
Plaintiff, )
)
v. ) No. 00 C 5984
)
JON OLIVER, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Following this Court's March 7, 2003 entry of the parties'
jointly prepared Final Pretrial Order ("FPTO") that brought this
action to the state of readiness for trial, each side proceeded
to file memoranda in support of the motions in limine that they
had telegraphed in the FPTO. With those memoranda having been
responded to, the motions have become fully briefed, and this
memorandum opinion and order addresses them.

## Plaintiff's Motions

None of the three motions in limine filed by plaintiff
Marcus Gregory ("Gregory") found their way into the docket,
because all of the motions themselves were set up briefly within
the FPTO. Gregory's later-filed supporting memorandum is Dkt.
82, while defendants' responsive memorandum is Dkt. 91.

Gregory first moves to exclude evidence as to his prior
arrests or convictions, as to which defendants' portion of the
FPTO seeks to designate parts of Gregory's deposition on that
subject to be read into evidence. Arrests that have not led to



convictions are classic candidates for exclusion under Fed.R.Evid ("Evid.R.") 404(b). And as for Gregory's convictions, the most recent of those took place in 1987, and defendants have shown nothing to overcome their presumptive inadmissibility under Evid.R. 609(b).

Moreover, if this issue were to be examined through the combined lens of Evid.R. 404(b) and Evid.R. 403's balancing formula (in the latter respect, it must be noted that Evid.R. 609(b) reverses the balance scales in Gregory's favor on the old convictions), there is really no contest -- exclusion is clearly called for. Accordingly the first motion is granted in its entirety.

Next Gregory seeks to exclude a clinical laboratory report that defendants had designated as a trial exhibit -- a report that states only that cocaine and opiates were "detected" in Gregory's system when he was admitted to the hospital after the confrontation with police officers that has given rise to this lawsuit. As in their response to the first motion, here defendants again seek essentially to muddy Gregory up by portraying him as a bad man (something that is wholly at odds with the prohibition on propensity evidence that is taught by Evid.R. 404(b)). This time Defendants' Mem. 3 overstates (really misstates) the situation substantially:

> The clinical laboratory report demonstrates that it is likely that the Plaintiff was under the influence of

cocaine and opiates at the time of his arrest.
But the report says nothing of the sort, for it gives no
indication either as to any likely degree of impairment or as to
any information that might bear on that question.

This Court's treatment of the identical issue, under
essentially identical circumstances, in Gwin v. Curry, No. 95 C
1438, 1996 W.L. 99898, at *1 (N.D. Ill. Feb. 29) might well have
been written for this case by simply changing the parties' names
and the date:

> In today's climate, any evidence as to a litigant's
> use of drugs has an obvious potential for being
> extraordinarily prejudicial--for creating the prospect
> of deflecting the factfinders' attention from the
> matters that are really at issue in the case to
> everyone's universally-shared concerns as to the
> problems that drug usage is creating for our society.
> For that reason, where (as here) the subject matter of
> a trial does not itself concern controlled substances
> it is particularly appropriate to apply the principle
> announced in such cases as Jarrett v. United States,
> 822 F.2d 1438, 1446 (7th Cir. 1987):
>
>> A witness's use of drugs may not be used to
>> attack his or her general credibility, but
>> only his or her ability to perceive the
>> underlying events and testify lucidly at the
>> trial.
>
> In this instance the jury will be called upon to decide
> which of Gwin and Curry is telling the truth about
> Gwin's claims that Curry used excessive force during
> the course of arresting Gwin on April 19, 1994 and that
> his arrest for the possession of cannabis was a false
> arrest. When after the arrest Gwin was taken to
> Westlake Hospital for treatment of a broken jaw, he
> tested positively for the presence of cocaine (and he
> apparently made statements to hospital personnel
> admitting to his prior usage of that controlled
> substance).

3

From the parties' submissions on the motion in limine, it appears that there is no evidence to suggest that Gwin was impaired at the time of the incident. It is also well known that the type of test that produced a positive reading at the Hospital (a urinalysis screen) is one that reflects the presence of drug residues, giving no indication as to the quantity of any controlled substance that may have been ingested or as to when that took place--and such a reading certainly does not show the existence of any impairment either then or now.

Under those circumstances, the jury would have to build an inference on an inference to find that the prior usage of cocaine indicated by the testing and by Gwin's statements was probative on an issue relevant to the jury's decision. Based on what the parties have described in their respective memoranda, this Court determines that any possible probative value of the challenged evidence "is substantially outweighed by the danger of unfair prejudice" to Gwin as well as by the probable "confusion of the issues, or misleading the jury" (these quoted standards are of course drawn from Fed. R. Evid. 403). Accordingly Gwin's motion is granted.

Gregory's second motion is likewise granted.

Lastly, Gregory disputes defendants' designation, as a proposed exhibit, of a drug pipe that was found on Gregory's person after the officers seized him on the occasion in question. Once again that smacks of a bald effort to place Gregory in a bad light with evidence that does not bear directly on what is truly at issue.

As this Court understands the matter, Gregory is not in a position to contest the existence of probable cause to have effected his arrest and seizure -- indeed, as the next section of

4

this opinion reflects, defendants are successful in arguing that he cannot dispute his having resisted arrest in light of his guilty plea to that charge. And that being so, what defendants found on Gregory after the asserted imposition of excessive force that is the gravamen of his lawsuit is really not relevant. And this is so even apart from any need to balance under Evid.R. 403, as to which the potential for unfair prejudice would substantially outweigh any probative force (which, as just indicated, is really non-existent). This last motion by plaintiff is also granted.

## Defendants' Motions

One puzzling aspect of defendants' motions is that even though they were specifically numbered in the FPTO, one of defendants' supporting memoranda is unanchored to any of those numbers. Although the responsive memorandum by counsel for Gregory reasonably suggests that the motion should be denied for that reason alone (Gregory's Mem. 3 n.4), this opinion will deal with it on the merits, identifying it only by its docket number. All other defense motions will be identified by defendants' numbering of the motions and, where they have been docketed, by their respective docket numbers as well.[1]

That unlinked motion (Dkt. 83) seeks to bar Gregory from

---

[1]     Not all of defendants' motions (which, as stated at the outset of this paragraph, were set out in the FPTO) found their way into the docket.

5

denying that he resisted arrest and assaulted any of the police officers. As such, the motion will be granted because Gregory did plead guilty to the state court charges asserting those offenses, and Gregory has not suggested the existence of either coercion or any other legal infirmity in connection with the plea.

But as indicated by this Court's earlier memorandum opinion and order that denied defendants' motion for summary judgment in that respect (226 F.Supp.2d 943 (N.D. Ill. 2002) ("Opinion")[2]), defendants' position continues to reflect their oversimplistic approach to the issues posed by Gregory's claim of excessive force (see Opinion at 949-53). Those convictions have no more than limited relevance to that excessive force claim. And to the extent that information about the convictions may in fact go before the jury (a question that is best resolved at trial), this Court will be obligated to provide careful instructions to dispel the false impressions that lay jurors might otherwise have -- such as by a misunderstanding of the fact that the legal concept of "assault" (as contrasted with the ordinary everyday use of that term) does not involve any physical contact (as does a battery), or by a false belief that any type or degree of resistance to a police officer allows the responsive use of

---

[2] Citations to the Opinion will take the form "Opinion at --," reflecting the page numbers in F.Supp.2d without any need to indicate the volume number.

excessive force.

Now to defendants' numbered motions. Motion No. 1 seeks to bar any reference to Gregory's settlement demands or to any settlement offers by defendants. It is not answered by Gregory, and in any event it conforms to the limitation imposed by Evid.R. 408. It is granted.

Motion No. 2 (Dkt. 76) seeks to bar "any reference to the City of Waukegan's size, financial condition, affiliated entities, parents, subsidiaries or agents." Although the apparent ground for such a motion -- to avoid generating sympathy for Gregory, or antipathy toward defendants, on the premise that he is a poor individual who is fighting a city and its police officers -- is sound, the motion is stated far too broadly. It is denied, but obviously without prejudice to this Court's ruling on individual matters as they may arise during the trial.

Motion No. 3 asks to "bar and exclude any reference to civil claims and/or lawsuits other than the instant lawsuit made by the Plaintiff." That motion is of course sound to the extent that it may properly bring Evid.R. 404(b) into play, but it does not take into account any potential for exceptions to that rule. It too is therefore denied as a total bar, and as with the prior motion specific issues of that nature will be dealt with if and when they arise at trial.

Motion No. 4 (Dkt. 77) asks to exclude any reference to

insurance matters. Gregory has properly not objected (see Evid.R. 411), and the motion is granted.

Motion No. 5 (Dkt. 78) seeks "to bar and exclude any reference or any comment, argument or reference to judgements [sic] orders or rulings which the Judge has made in this case with reference to questions of law other than those contained in the jury instructions." That is also obviously framed with too broad a sweep, for there is no way to know in advance just how previously-ruled-upon matters may arise at trial. Again any such matters are far better dealt with in the matrix of actual trial than in limine, and the motion as such is denied.

Motion No. 6 (Dkt. 79) asks to "bar and exclude any reference to any comment, argument or evidence regarding the conduct of counsel in this case." To the extent that motion speaks to pretrial conduct, it is of course granted (and Gregory's counsel has interposed no objection to that). But this Court must of course retain the ability to address any inappropriate conduct of counsel during trial (something that it trusts will not occur), and the motion should not be misunderstood as having been granted in that limited respect.

Motion No. 7 (Dkt. 80) wishes to "bar and exclude any reference to the method(s) by which the law firm representing any of the parties in this action are being compensated by the parties." No response has been made by Gregory, and the motion

is granted in its generic form. But counsel for both sides should be aware that part of the damages instruction that this Court customarily gives to juries in cases that create the potential for an award of fees (and civil rights cases under 42 U.S.C. §1983 are typical in that regard -- see 42 U.S.C. §1988) tells the jurors that they must not take a plaintiff's attorneys' fees into account in awarding damages if they were to rule in plaintiff's favor.

No memorandum has been tendered in connection with Motion No. 8, which would "bar any statement of the law, other than regarding the (a) burdens of proof and (b) status of parties as plaintiff and defendant, before the Court rules on the law applicable to this case." Even though defendants have failed to follow up with any support for the motion (see the next entry in this opinion), that concept is generally sound, but it is often difficult to translate it into practice -- for example, in connection with the opening statement by counsel for each side, which does not get rehearsed before this Court. Thus the motion is simply granted in principle, with counsel being expected to clear with this Court any areas that may be in doubt before addressing them.

Motion No. 9 (Dkt.81 mistakenly refers to it as Motion No. 8) is unexceptionable, because it simply wants to bar any reference to the fact that defendants have made motions in limine

or to this Court's rulings on those motions. No objection has been interposed, and the motion is granted.

Motions 10 and 11 are dealt with in tandem by defendants' memorandum on the subject (Dkt. 86), because both motions seek to keep out of the trial any reference to Gregory's claims that were resolved against him in the Opinion. Although those claims are of course barred as substantive grounds for recovery by Gregory, Gregory's Mem. 3-6 is right in urging that a number of aspects of those claims remain both relevant and probative as to Gregory's surviving contentions. Hence the motions are denied as such because of their overbreadth.

That is equally true as to Motion No. 12, which wishes to bar any reference to certain of Gregory's prior arrests on the premise that those matters were resolved by summary judgment as well. Defendants have supplied no supporting memorandum in any event, but Gregory's Mem. 3-6 is equally applicable to that motion and properly calls for its denial.

Motion Nos. 13, 14 and 16 are also treated by defendants much like an entry in a horse race, for a single memorandum (Dkt. 88) speaks to all three, while an additional memorandum (Dkt. 87) is offered in support of Motion Nos. 13 and 14. All of those motions relate to other charges, investigations or claims against the defendant police officers and are essentially sought to be excluded under Evid.R. 404(b). With no response having been

interposed by Gregory's counsel, the motions are granted -- but it must of course be recognized that such matters may be potentially available for introduction into evidence if and to the extent that <u>defendants</u> were to attempt to inject (for example) their own character or lack of propensity for violent conduct into the case.

Finally, Motion No. 15 asks to bar "any reference to performance reviews of the Defendant police officers which refer to recruitment of informants and/or controlled buys." As Gregory's Mem. 3-6 correctly points out, the informant recruitment policy used by Waukegan's Police Department in general -- and certainly as carried out by defendant police officers -- is relevant because it bears upon the officers' motive and intent when they had the challenged confrontation with Gregory. It is certainly for the jury to determine whether the officers' conduct was motivated (or even affected) by that factor. Hence the motion is denied.

## Conclusion

Any effort to recapitulate the rulings here in capsule form would necessarily create a risk of mischaracterization, particularly in areas where a ruling has been coupled with a cautionary caveat. Instead this conclusionary summary will simply say that Gregory's motions are granted in their entirety,

while defendants' motions are granted in part and denied in part for the reasons stated earlier.

_____
Milton I. Shadur
Senior United States District Judge

Date:     April 8, 2003